QUESTIONS: 1. Is a public housing authority created by Ch. 421, F. S., required to adopt a fiscal year beginning October 1 and ending September 30, as specified in Part III, Ch. 218, F.S., the Uniform Local Government Financial Management and Reporting Act? 2. Must a commissioner of a housing authority created by Ch. 421, F.S., be a resident of the city or "area of operation" of such housing authority? 3. May a tenant residing in a housing project of a housing authority created by Ch. 421, F.S., be appointed a commissioner of such housing authority?
SUMMARY: A public housing authority created by Ch. 421, F.S., is required to adopt a fiscal year beginning October 1 and ending September 30, pursuant to s. 218.33(1), F.S., of the Uniform Local Government Financial Management and Reporting Act. A commissioner of a housing authority created by Ch. 421, F.S., need not be a resident of the city or the housing authority's "area of operation"; but, as a matter of policy, the mayor should appoint persons to such position who are residents of the city or the housing authority's area of operation. A tenant residing in a housing project built by a city housing authority pursuant to Ch. 421, supra, may be appointed as a commissioner of such housing authority. Attorney General Opinion 073-96. AS TO QUESTION 1: Section 421.04, F.S., creates in each city or town having a population of more than twenty-five hundred "a public body corporate and politic to be known as the `Housing Authority' of the city." According to the legislative declaration in s. 421.02, id., the general purpose of a housing authority is to clear, replan, and reconstruct the areas in which unsanitary or unsafe housing conditions exist and to provide safe and sanitary dwelling accommodations for persons of low income within the housing authority's "area of operation" as defined in s. 421.03(6), id. A housing authority created pursuant to Ch. 421, id., to perform "the public and essential governmental functions" set forth therein becomes operative when the governing body of the city declares a need for a housing authority, s. 421.04, and the mayor, with the approval of the governing body of the city, appoints the housing authority commissioners, s. 421.05. A housing authority is vested with some ordinary corporate powers, as well as the power to, inter alia, promulgate rules and regulations, s. 421.08; issue debentures, s. 421.14; and fix rentals on the housing projects it acquires and operates, s. 421.09. A complete and full financial accounting and audit of a housing authority's operation is required to be made annually by a certified public accountant, a copy of such accounting and audit being filed with the city's governing body not less than ninety days after the close of each fiscal year, s. 421.091. Your inquiry concerns the applicability of s. 218.33(1), id., of the Uniform Local Government Financial and Reporting Act, Part III, Ch. 218, id., to a housing authority created pursuant to Ch. 421, id. Section 218.33(1) provides as follows: "Every unit of local government shall begin its fiscal year on October 1 of each year and end it on September 30." "Unit of local government" is defined in s. 218.31(1) as "a county, municipality, or special district." "Special district" is defined as "a local unit of special government . . . created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries." (Emphasis supplied.) Section 218.31(5). Special district is subdivided into "dependent special district," which is "a special district whose governing head is the local governing authority, ex officio or otherwise, or whose budget is established by the local governing authority," s. 218.31(6); and "independent special district," which is "a special district whose governing head is an independent body, either appointed or elected, and whose budget is established independently of the local governing authority even though there may be appropriation of funds generally available to a local governing authority involved." Section 218.31(7). Applying the foregoing statutory definitions to the instant situation, a housing authority created under Ch. 421, id., is created pursuant to general law for the purpose of performing a specialized urban service function, i.e., the development of areas of low income family dwelling. Thus, I am of the opinion that such a housing authority is a special district within the purview and for the purposes of the Uniform Local Government Management and Reporting Act. Moreover, since the appointed commissioners of a housing authority are an independent body and not identical with the local governing body of the city, and since the budget of a housing authority is not established by the local governing authority of the city, I am of the further opinion that a housing authority created pursuant to Ch. 421 is an independent special district within the purview and for the purposes of the Uniform Local Government Management and Reporting Act. See Marvin v. Housing Authority of Jacksonville, 183 So. 145
(Fla. 1938), and Lott v. City of Orlando, 196 So. 313 (Fla. 1939), for treatment of housing authorities in other contexts. (It might be noted that I have been informed by an official of the Department of Banking and Finance that the department considers housing authorities created pursuant to Ch. 421 to be independent special districts for purposes of the Uniform Local Government Management and Reporting Act.) As an independent special district within the purview and for the purposes of Part III, Ch. 218, supra, the Uniform Local Government Financial Management and Reporting Act, a housing authority created pursuant to Ch. 421, supra, must comply with the requirements of Part III, Ch. 218, which are applicable to that type of "unit of local government," as defined in the act. Thus, and in answer to your first question, such a housing authority must adopt the fiscal year prescribed in s. 218.33(1). See also ss. 218.32, 218.33(2) and (4), and 218.34(1), (3), (4), and (5). AS TO QUESTION 2: It is a long-settled rule in this state that residence within a district or other political unit for which an officer is elected or appointed is not a necessary qualification of an officer in the absence of an express statutory or constitutional provision requiring such residence. [See] 26 Fla. Jur. Public Officers s. 27, p. 187, citing State ex rel. Attorney General v. George,3 So. 81 (Fla. 1887). And I find no requirement — either in s. 421.05, supra, or in any other statutory or constitutional provision — that a commissioner of a housing authority, created by Ch. 421, supra, in order to be qualified for appointment pursuant to s.421.05 be a resident of the city or the housing authority's "area of operation," as defined in s. 421.03(6). However, as was expressed in State ex rel. Attorney General v. George, 3 So. 81,82 (Fla. 1887), the appointing authority (here, the mayor) should, as a matter of policy, "take care that none but fit persons should be selected or appointed — fit, not only in respect to capacity in character, but also in having citizenship to identify them in interest with the communities in which their official duties were to be performed." In sum, therefore, a commissioner of a housing authority created by Ch. 421, F.S., in order to be qualified to serve in that capacity, need not be a resident of the city or the housing authority's area of operation. However, as a matter of policy, the mayor should attempt to appoint persons to such position who are residents of the city or the housing authority's area of operation, since that is the community which they are to serve. AS TO QUESTION 3: Your third question has been answered by AGO 073-96, in which it was held that a tenant residing in a housing project built by a city housing authority pursuant to Ch. 421, supra, may be appointed as a commissioner of such housing authority. I adhere to the conclusion reached therein.